USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/3/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----

LAWRENCE BROWN,

                     Movant,

-against-

UNITED STATES OF AMERICA,

                     Respondent.

20-CV-10067 (NSR)

14-CR-00509-1 (NSR)

ORDER DENYING MOTION UNDER
28 U.S.C. § 2255

NELSON S. ROMÁN, United States District Judge:

       Movant Lawrence Brown, appearing *pro se*, and currently incarcerated in F.C.I. Ray Brook, filed this motion under 28 U.S.C. § 2255, challenging his conviction and sentence. *See United States v. Brown,* ECF 7:14-CR-00509-1, 72 (NSR) (S.D.N.Y. Feb. 8, 2018) (convicting Movant of two counts of robbery and brandishing a firearm in furtherance of committing a crime of violence, and sentencing him to prison terms totaling 468 months). The Second Circuit affirmed the conviction, but remanded for resentencing. *See United States v. Brown,* 18-434 (2d Cir. Sept. 6, 2019) (citing *Dean v. United States,* 137 S. Ct. 1170 (2017), "remanding for clarification" as to whether the sentencing court was aware of its discretion to consider the severity of mandatory consecutive minimum sentences required by 18 U.S.C. § 924(c) in determining sentences for underlying predicate offenses). The Court resentenced Movant to 303 months in prison. ECF 7:14-CR-00509-1, 88 (S.D.N.Y. Dec. 13, 2019), *appeal pending*, 19-4317 (2d Cir.).

       Because Movant's direct appeal is pending, the Court denies the present § 2255 motion without prejudice as premature. The Court recognizes that it is not, strictly speaking, prohibited from adjudicating this motion while Movant's direct appeal is pending. *See United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002). But it is in the interest of judicial economy "to avoid

confusion or waste of time resulting from having the same issues before two courts at the same time." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (internal quotation marks and citation omitted). The same judicial economy concerns animate the Court's aversion to expending its already scarce resources to reach a decision that could be rendered a "nullity" by the results of Movant's direct appeal. *Outen*, 286 F.3d at 632.

Because Movant's direct appeal is pending, his present motion is premature. The Court therefore denies the motion without prejudice.

## CONCLUSION

The Court denies the present motion under 28 U.S.C. § 2255 without prejudice as premature.

Because the present motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to terminate the motion at 14-cr-509-1 ECF No. 97 and to mail a copy of this order to *pro se* Plaintiff at the address on ECF and to show service on the docket.

SO ORDERED.

Dated:   December 3, 2020
         White Plains, New York

NELSON S. ROMÁN
United States District Judge

2